Sutton v Mathews (2021 NY Slip Op 03008)





Sutton v Mathews


2021 NY Slip Op 03008


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Kern, J.P., González, Scarpulla, Mendez, JJ. 


Index No. 652939/2019 Appeal No. 13796-13796A Case No. 2020-02803 

[*1]Steven R. Sutton, Plaintiff-Appellant,
v
Donette Mathews, et al., Defendants-Respondents, Miles Hamilton, Defendant.


Steven R. Sutton, New York, appellant pro se.
Mishiyeva Law, PLLC, New York (Kamilla Mishiyeva of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about June 9, 2020, which denied plaintiff's motion to strike defendants' affirmative defenses and for partial summary judgment as to liability, unanimously affirmed, without costs. Order, same court and Justice, entered on or about, November 20, 2020, which granted defendants' motion to remove the case to Bronx County Surrogate's Court, unanimously affirmed, without costs.
Plaintiff failed to establish prima facie that defendants are liable to him for legal fees pursuant to the retainer agreement. The agreement does not address the present circumstances, in which the property was sold after plaintiff was no longer defendants' counsel. In addition, issues of fact exist as to the circumstances under which plaintiff and defendants parted ways, the extent to which defendant Miles Hamilton, who is among the addressees of the retainer agreement but who did not sign it, could be held liable, and the degree to which plaintiff was responsible for the ultimate settlement with the bank, and, in turn, whether the retainer agreement was unconscionable, either on its face or  given plaintiff's termination or withdrawal as counsel, and depending on the degree to which his work facilitated the ultimate settlement reached  in hindsight (see Matter of Lawrence, 24 NY3d 320, 339 [2014]).
The dismissal of defendants' affirmative defenses would be premature, since the merits of these defenses are not determinable on this record. Issues of fact exist as to whether proper service was made and whether the retainer agreement is unconscionable.
The case was properly transferred to Surrogate's Court, Bronx County, where proceedings over the late Donald Hamilton's estate were still pending (see NY Const, art VI, § 12[d]). Plaintiff represented defendants in a foreclosure action in which they and the estate were codefendants; the outcome of that litigation necessarily affected the administration of the estate, as it concerned the disposition of its major asset, the property.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021